IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, JOSEPH MANN, TOBY KOTH and GORDON ANDERSON as Trustees of THE FOX VALLEY LABORERS' HEALTH AND WELFARE FUND,<br><br>and<br><br>MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, GORDON ANDERSON and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND,<br><br>Plaintiffs,<br><br>v.<br><br>MASONRY STRUCTURES, INC., MICHAEL DALLESASSE, individually and doing business as MASONRY STRUCTURES, INC., and ROBIN DALLESASSE, individually and doing business as MASONRY STRUCTURES, INC.,<br><br>Defendants. | Case No. 06 C 6422<br><br>Judge Ronald Guzman<br><br>Magistrate Judge Denlow |

## PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT AND JUDGMENT IN SUM CERTAIN AGAINST MASONRY STRUCTURES, MICHAEL DALLESASSE AND ROBIN DALLESASSE

Plaintiffs, MIKE SHALES, JOHN BRYAN, Sr., AL OROSZ, JOSEPH MANN, TOBY KOTH and GORDON ANDERSON as Trustees of THE FOX VALLEY LABORERS' HEALTH and WELFARE FUND ("Welfare Fund") and MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, GORDON ANDERSON and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND ("Pension Fund") (collectively, "the Funds"), through their attorneys, Dowd, Bloch & Bennett, respectfully moves this court for an entry of default and

judgment in sum certain, in the form of the attached proposed order, against Defendants MASONRY STRUCTURES, INC. (hereinafter "Defendant Company"), MICHAEL DALLESASSE, individually and doing business as MASONRY STRUCTURES, INC. and ROBIN DALLESASSE, individually and doing business as MASONRY STRUCTURES, INC., state as follows:

1. This is a collection action against Defendants for delinquent reports and contributions due to employee fringe benefit funds under Section 515 of ERISA, 29 U.S.C. § 1145 and delinquent union dues and industry fund contributions enforceable under Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S. C. § 185.

2. The Funds filed a Complaint on November 22, 2006, seeking the following relief from the Defendants:

>(a) That Judgment be entered in favor of the Plaintiffs and against the Defendants, finding that the Defendants are liable to the Funds and Affiliated Organizations for the delinquent contributions owed to date, dues, interest, liquidated damages, attorneys' fees and court costs;
>
>(b) That the Defendants be ordered to pay to Plaintiffs all delinquent contributions to date, all accrued delinquencies prior to and after the filing of this suit, interest and liquidated damages;
>
>(c) That the Defendants be ordered to pay to Plaintiffs all reasonable attorneys' fees and costs incurred in pursuing collections; and
>
>(d) For such other legal and equitable relief as the Court deems just and proper.

3. The Defendants were each served with a summons and a copy of the Complaint on December 7, 2006. Their respective Answers were each due on December 27, 2006. Return of

Service for each Defendant was filed with the Clerk of the Court on December 19, 2006. A copy of each filing is attached as Group Exhibit A.

4. As of the date this Motion was filed, none of the Defendants had filed an appearance and/or answered or otherwise plead to the Complaint.

5. The Construction and General Laborers' District Council of Chicago and Vicinity ("District Council") and the Defendant Company are now and at all relevant times have been parties to successive collective bargaining agreements (herein "Agreement") which obligate the Defendant Company to make monthly contributions to the Funds on behalf of its employees covered by the Agreement for health and welfare, pension benefits and for deductions and contributions for the Affiliated Organizations; the Agreement also requires the Company to submit monthly remittance reports in which the Defendant Company, *inter alia,* identifies the employees covered under the Agreement and the amount of contributions remitted to the Funds and the Affiliated Organizations on behalf of each covered employee.

6. Pursuant to the Agreement, the Defendant Company must also pay contributions for each hour worked by its employees to the Affiliated Organizations. The Defendant Company is also required to remit contributions for the Affiliated Organizations along with a remittance report. Pursuant to the Agreement, Employers who fail to report and/or remit contributions are liable to pay an additional 10% in liquidated damages and all costs of collection, including reasonable audit expenses, attorneys' fees, and court costs.

7. Pursuant to the Agreement, the Defendant Company must also pay contributions for each hour worked by its employees to the Funds. The Defendant Company is required to remit contributions to the Funds along with a remittance report. Pursuant to the Agreement and the Funds'

respective Trust Agreements, Employers who fail to report and/or remit contributions are liable to pay interest on the delinquent contributions, an additional 10% in liquidated damages, which increases to 20% once a lawsuit is filed, and all costs of collection, including reasonable audit expenses, attorneys' fees, and costs.

8. Notwithstanding its obligations under the Agreement, the Defendant Company has failed to correctly report and pay contributions owed to the Funds, and the Affiliated Organizations, from June 2006 and continuing through the present, thereby depriving the Funds and the Affiliated Organizations of contributions, income and information needed to administer the Funds, and jeopardizing the welfare and pension benefits of participants and beneficiaries.

9. Since at least June 2006, the Defendant Company has employed employees who performed work covered by the Agreement.

10. Prior to the filing of this suit, the Defendant Company remitted several checks to the Funds, which were returned as non-sufficient funds, along with reports for June through September 2006. The Funds demanded that certified payment be remitted to cover those amounts not sufficiently funded; however, the Defendant Company has not remitted the required contribution reports or payment for subsequent months.

11. MICHAEL DALLESASSEE and ROBIN DALLESASSE by operating, undertaking obligations and doing business in the name of an unincorporated business entity are personally liable for the obligations undertaken in the name of the Defendant Company and therefore, MICHAEL DALLESASSE, individually and doing business as MASONRY STRUCTURES, INC. and ROBIN DALLESASSE, individually and doing business as MASONRY STRUCTURES, INC. are jointly and severally liable for these delinquencies.

12. Based on the reports remitted to the Funds for June 2006 through September 2006, the Defendants owe $69,594.22 for unpaid contributions to the Funds and liquidated damages, not including attorneys fees' and costs (See Exhibit "B" Affidavit of Patricia Shales.)

13. The Defendants have also failed to submit reports or contributions to the Funds or reports and wage deductions and contributions to the District Council for the months of October 2006 and continuing through the present (See Exhibit "B"). Defendants are therefore also liable for contributions, interest and 20% liquidated damages to the Funds and dues and 10% liquidated damages, which are to be determined, for the delinquent period of October 2006 and continuing to date, in addition to the amounts owed for June 2006 through September 2006 and reference in Paragraph 12.

14. Based on the amount of work Plaintiffs' attorneys have completed to date and the work that Plaintiffs' attorneys anticipate doing in the future to bring this matter to conclusion, Plaintiffs have incurred or will incur attorneys' fees and costs in the amount of $2,661.39. (See Exhibit "C" Affidavit of LaKisha M. Kinsey-Sallis)

15. Accordingly, the Plaintiffs are entitled to recover $72,255.61 for the period of June 2006 through September 2006 plus amounts to be determined, which are due and owing for the period of October 2006 to the present.

WHEREFORE, for the reasons stated above, Plaintiffs respectfully request this Court to enter a judgment by default jointly and severally against Defendants MASONRY STRUCTURES, INC., MICHAEL DALLESASSE, individually and doing business as MASONRY STRUCTURES, INC., and ROBIN DALLESASSE, individually and doing business as MASONRY STRUCTURES, INC., in the form of the attached proposed Order, and order the Defendants to submit complete and

accurate work reports for October 2006 to the present within 10 days of the entry of the order, to pay all delinquent contributions, dues, liquidated damages and interest from October 2006 to present, which are to be determined, and request that the Court set this matter for a prove-up hearing with respect to the additional relief sought following the submission of the contribution reports.

                                        Respectfully submitted,

                                        /s/LaKisha M. Kinsey-Sallis
                                        LaKisha M. Kinsey-Sallis
                                        One of Plaintiffs' Attorneys

J. Peter Dowd
Michele M. Reynolds
Justin J. Lannoye
LaKisha M. Kinsey-Sallis
DOWD, BLOCH & BENNETT
8 S. Michigan Avenue--19th Floor
Chicago, IL 60603
312-372-1361